**Joseph David ROUSAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 81–1460.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 21, 1982.

Decided Jan. 27, 1982.

Joseph David Rousan, pro se.

Thomas E. Dittmeier, U. S. Atty., Michael W. Reap, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT and ARNOLD, Circuit Judges, and DAVIES,* Senior District Judge.

* The Honorable Ronald N. Davies, United States Senior District Judge for the District of North Dakota, sitting by designation.

PER CURIAM.

On March 4, 1977, the appellant, Joseph David Rousan, pleaded guilty of conspiracy to illegally distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. Thereafter the remaining three substantive counts of the four count indictment were dismissed and appellant was sentenced under 21 U.S.C. § 841(b)(1)(A) to a term of twelve years imprisonment to be followed by a special parole term of five years.

On December 3, 1980, the sentencing court,[1] on its own motion pursuant to Fed. Rules Cr.Proc. Rule 35, ordered the sentence corrected by elimination of the special parole term.

On December 9, 1980, appellant filed a petition for a writ of habeas corpus, 28 U.S.C. § 2255, in which he contended that under *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), his entire sentence was void. The petition was denied and Rousan appealed.

> The question presented in *Bifulco* was "whether § 406 [21 U.S.C. § 846], which states the penalty for conspiracy as 'imprisonment or fine or both,' but limits maximum punishment by reference to the penalty provisions of the substantive target offense, authorized the imposition of a special parole term when that sanction is included within the penalty provisions of the target offense."

447 U.S. at 385, 100 S.Ct. at 2251. The Court held it did not. The *sua sponte* action of the sentencing court in deleting the special parole term of five years from appellant's sentence is all that was required under *Bifulco* and appellant's petition for a writ of habeas corpus was properly denied. See *United States v. Diaz*, 655 F.2d 580 (5th Cir. 1981); *United States v. Bland*, 653 F.2d 989 (5th Cir. 1981); *United States v. Noble*, 653 F.2d 34 (1st Cir. 1981); *United States v. Anderson*, 652 F.2d 10 (9th Cir. 1980).

Affirmed.

1. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.