UNITED STATES of America, Appellee,

v.

Silvia BARALDINI,
Defendant-Appellant.

No. 195, Docket 86–1259.

United States Court of Appeals,
Second Circuit.

Argued Sept. 30, 1986.

Decided Oct. 21, 1986.

Paul E. Summit, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., for S.D.N.Y., Kenneth Roth, Asst. U.S. Atty., New York City, on brief), for appellee.

William Kunstler, New York City (Susan Tipograph, Holmes & Tipograph, New York City, on brief), for defendant-appellant.

Before KEARSE and ALTIMARI, Circuit Judges, and STEWART, District Judge.*

PER CURIAM:

Defendant Silvia Baraldini appeals from an order of the United States District Court for the Southern District of New York, Kevin Thomas Duffy, *Judge,* denying her motion for a reduction of sentence pursuant to Fed.R.Crim.P. 35(b). Baraldini contends that the denial of her motion, especially without an accompanying explanatory statement, was an abuse of discretion. We disagree.

Baraldini, accused of having participated in a prison escape and an attempted armed robbery conducted by the Black Liberation Army, was convicted in 1984 on two counts of violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 and 1962(c) (1982), and conspiracy to violate RICO, *id.* §§ 1961 and 1962(d). She was sentenced to consecutive terms of 20 years' imprisonment and $25,-000 fines on each count, for a total of 40 years' imprisonment and $50,000 in fines; the court recommended that she not be paroled. On appeal, Baraldini contended, *inter alia,* that there was insufficient evidence to support her conviction and that her sentence was excessive. This Court rejected all of her arguments. Although we considered her challenge to the sufficiency of the evidence to present "a close question," we concluded that the evidence was sufficient. *United States v. Ferguson,* 758 F.2d 843, 855 (2d Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 124, 88 L.Ed.2d 102 (1985). And, stating that "[w]hatever views we may entertain concerning the severity of the sentence," we upheld it as "within statutory limits ... and consistent with penalties given in this and other jurisdictions for the same offenses." *Id.* at 856.

Following the Supreme Court's denial of her petition for certiorari, Baraldini moved in the district court for a reduction of her sentence. In support of the motion, she again challenged the sufficiency of the evidence against her and the length of her sentence. In addition, she submitted some thirty letters from relatives, friends, and acquaintances urging the court to shorten her prison term. The court denied the motion without opinion.

On appeal, Baraldini renews the arguments made below and contends that the district court abused its discretion in denying her Rule 35(b) motion without stating its reasons for the denial. We find no abuse of the court's discretion.

Although we could envision circumstances in which a district court should state its reasons for denying Rule 35(b) relief, the materials submitted in support of Baraldini's motion did not provide such an occasion. To the extent that Baraldini renewed her challenges to the sufficiency of the evidence and the length of the sentence, already rejected on appeal, the district court was not required to explain its rejection of those contentions. Nor did the pleas advanced in the letters require an explanatory response from the court. The letters generally rued, for various reasons, the length of Baraldini's sentence, argued that she should not be categorized as a "racketeer," and stated that her acts were never motivated by the desire for financial or selfish gain. Various of the letters expressed the views that Baraldini was "a woman of high character"; that she "is a 100% asset to any community"; that "her integrity and responsibility to democracy and human rights are beyond question"; that the length of her sentence was politically motivated; that "[a] forty year sentence carries no worthwhile purpose"; and that "[t]o treat Silvia like a criminal is not right."

It is hardly surprising that the court was unpersuaded, and we find no abuse of discretion in its denial of the motion without opinion. No basis appears in the record for believing that the court's decision was based on any improper factors.

* Honorable Charles E. Stewart, Jr., Senior Judge of the United States District Court for the South-ern District of New York, sitting by designation.

The order of the district court is in all respects affirmed.