**UNITED STATES of America**

v.

**Michael BROWN, Defendant.**

**No. 86 CR. 503 (PKL).**

United States District Court,
S.D. New York.

May 16, 1988.

Margaret S. Groban, Asst. U.S. Atty.,
New York City, for plaintiff.

Michael Brown, Montgomery, Pa., pro se.

LEISURE, District Judge:

Defendant Michael Brown moves *pro se* to correct his alleged illegal sentence under Fed.R.Crim.P. 35(a) on the ground that the imposition of a special parole term was no longer part of the punishment pursuant to the amended provisions of Title 21, United States Code, Section 841. For the reasons stated below, the motion is denied.

The Court has reviewed defendant's undated motion; and defendant's letter dated January 31, 1988, received by the Court on February 8, 1988. By letter dated January 19, 1988, the Government opposed the motion. Letter of Assistant United States Attorney Margaret S. Groban, dated "January 19, 1987 [sic]," received by the Court on January 20, 1988 (hereinafter "Groban 1/19/88 ltr."). By letter dated February 16, 1988, the Government responded to defendant's January 31, 1988 letter.

On October 6, 1986, defendant pleaded guilty to count one of the two-count indictment, in which he was named as a defendant in both counts. Count one charges him and a co-defendant, Darryl Sealey, with distributing on or about May 20, 1986, a Schedule II controlled substance, to wit, one vial containing "crack" form cocaine, within 1000 feet of a public elementary school, and aiding and abetting in the commission of said offense, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 845a; and 18 U.S.C. § 2.

On December 1, 1986, the Court sentenced defendant to five years' imprisonment on count one; to a six-year special parole term to be served upon completion of the prison sentence imposed; and assessed defendant the special mandatory assessment of $50. In addition, the Court dismissed count two of the indictment, without objection by the Government.

## DISCUSSION

Relying on *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980) and its progeny, defendant argues that the six-year special parole term was improperly imposed by the Court because special parole was deleted from 21 U.S.C. § 841(b)(1)(B) by Congress in the Comprehensive Crime Control Act of 1984. As discussed more fully below, the deletion of special parole from Section 841(b)(1)(B) was not in effect when defendant committed the offense charged in the indictment, when the indictment was filed, and when defendant pleaded guilty to the charge in the indictment. Thus, it was entirely proper

and appropriate for the Court to impose a special parole term at defendant's sentencing. Indeed, since a term of imprisonment was imposed by the Court, special parole was not only an allowable sentence, but a mandatory one under Section 841(b)(1)(B).

In *Bifulco,* the Supreme Court held that 21 U.S.C. § 846, which makes it an offense to conspire to manufacture or distribute a controlled substance, as defined in the Comprehensive Drug Abuse Prevention and Control Act of 1970, does not authorize the imposition of a special parole term as punishment for those convicted of a drug conspiracy. *Id.* at 400–01, 100 S.Ct. at 2258–59.

Bifulco and others had been charged in the Eastern District of New York in a single count indictment with violating § 846 by conspiring to violate 21 U.S.C. § 841(a)(1) by manufacturing, distributing and possessing substantial quantities of phencyclidine, a Schedule III controlled substance. Following the jury's verdict of guilty, Bifulco was sentenced to a four-year term of imprisonment, a fine of $1,000 and a five-year term of special parole; the conviction was affirmed by the Second Circuit in an unpublished order.

Subsequently, Bifulco filed a *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate his sentence as illegal, on the ground that § 846 does not authorize the imposition of a special parole term. The district court held that Bifulco had been properly sentenced, and dismissed his petition. The Second Circuit affirmed, 600 F.2d 407 (2d Cir.1979) (per curiam), holding, consistent with the positions of two other Courts of Appeals, *see United States v. Burman,* 584 F.2d 1354, 1356–58 (4th Cir.1978), *cert. denied,* 439 U.S. 1118, 99 S.Ct. 1026, 59 L.Ed.2d 77 (1979) and *United States v. Jacobson,* 578 F.2d 863, 867–68 (10th Cir.), *cert. denied,* 439 U.S. 932, 99 S.Ct. 324, 58 L.Ed.2d 327 (1978), that § 846 authorizes the imposition of a special parole term. Shortly after the Second Circuit's decision, the Third Circuit reached the opposite conclusion. *United States v. Mearns,* 599 F.2d 1296 (3d Cir.1979), *aff'g,* 461 F.Supp. 641 (D.Del.1978), *cert. denied,* 447 U.S. 934, 100 S.Ct. 3037, 65 L.Ed.2d 1129 (1980). The Supreme Court granted certiorari to resolve this conflict of the Circuits. 444 U.S. 897 (1979). As noted, the Third Circuit's position, prohibiting the imposition of a special parole term in connection with a conviction under § 846, was sustained.

Thereafter, the Second Circuit extended the reasoning in *Bifulco* to a conviction for conspiracy to import controlled substances under 21 U.S.C. § 963, holding that a special parole term cannot be imposed under either § 963 or § 846. *United States v. Grammatikos,* 633 F.2d 1013, 1025 (2d Cir. 1980);[1] *see United States v. Alvarez-Porras,* 643 F.2d 54, 56 n. 1 (2d Cir.), *cert. denied sub nom. Garcia–Perez v. U.S.* 454 U.S. 839, 102 S.Ct. 146, 70 L.Ed.2d 121 (1981).

> While [the *Bifulco* ] opinion did not specifically address conspiracies to import controlled substances, 21 U.S.C. § 963, the language and statutory framework of that subsection are virtually identical to that under the possession and distribution provisions, and we therefore hold on authority of the Supreme Court's reasoning in *Bifulco* that a special parole term cannot be imposed under 21 U.S.C. § 963.

*Grammatikos, supra,* 633 F.2d at 1025.

Similarly, the Second Circuit found that, upon the reasoning in *Bifulco,* a special parole term cannot be imposed for a conviction of the continuing enterprise provision, 21 U.S.C. § 848. *Id.* The Court had been informed that the Government conceded in its brief filed in the Supreme Court in *Bifulco* that § 848, which does not incorporate by reference any of the penalty provisions of the other controlled substances violations, did not permit the imposition of special parole. *Id.*

Other Courts of Appeals have necessarily followed the teaching of *Bifulco* that

---

**1.** In *Grammatikos,* defendant was convicted "of having engaged in two distinct conspiracies, each involving the importation and distribution of controlled substances in violation of 21 U.S. C. §§ 963 and 846, and of having perpetrated these offenses by means of a continuing criminal enterprise contrary to 21 U.S.C. § 848." 633 F.2d at 1016.

drug conspiracy convictions are not punishable by special parole terms. *See, e.g., United States v. Quintana*, 673 F.2d 296, 298 (10th Cir.), *cert. denied*, 457 U.S. 1135, 102 S.Ct. 2963, 73 L.Ed.2d 1353 (1982); *Rousan v. United States*, 668 F.2d 1006 (8th Cir.1982); *United States v. Hawkins*, 788 F.2d 200, 204–05 (4th Cir.), *cert. denied*, 479 U.S. 850, 107 S.Ct. 176, 93 L.Ed. 2d 112 (1986).

However, for purposes of deciding the instant motion, it should be noted that the Courts of Appeals have upheld sentences of special parole where a defendant was convicted of a substantive violation under the Act which specifically authorized the imposition of a special parole term. *Quintana, supra*, 673 F.2d at 298; *United States v. Capo*, 693 F.2d 1330, 1337 (11th Cir.1982), *cert. denied*, 460 U.S. 1092, 103 S.Ct. 1793, 76 L.Ed.2d 359 (1983). In opposing defendant's motion, it is the Government's position:

> Mr. Brown challenges the legality of the six year special parole term the Court imposed on December 1, 1986, in addition to incarceration, for the defendant's role in a narcotics operation.... To support this argument, Mr. Brown contends that the impropriety of imposing a special parole term upon a defendant convicted of participation in a narcotics conspiracy should apply by analogy to void a special parole term imposed for a substantive narcotics violation. *See United States v. Bilfulco*, [sic], 447 U.S. 381 [100 S.Ct. 2247, 65 L.Ed.2d 205] (1980). The *Bilfulco* decision, however, rests on the absence of the special parole penalty in the conspiracy statute. To the contrary, Mr. Brown's guilty plea to count one of the indictment subjected

> him to the penalties enumerated in Title 21, United States Code, Sections 841(b)(1)(B) and 845a. Section 841(b)(1)(B) specifically provided for a maximum penalty of fifteen years imprisonment and a fine of $125,000. In addition, the statute mandated imposition of at least a three year term of special parole. Mr. Brown's commission of his crime within one thousand feet of a school further subjected him to a doubling of the penalties and mandated imposition of at least a six year special parole term on count one. 21 U.S.C. § 845a(a). Accordingly, the Court's sentence of Mr. Brown was within the statutory guidelines and needs no correction.

*Groban 1/19/88 ltr.*, pp. 1–2. A careful examination of the statutory frame, including the penalty scheme for the charges in the indictment, shows that the Government is correct in its conclusions.

In this case, defendant was convicted on his guilty plea to count one of the indictment, charging him with distributing on or about May 20, 1986, a Schedule II controlled substance, to wit, one vial containing "crack" form cocaine, within 1000 feet of a public elementary school, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 845a; and 18 U.S.C. § 2. It is fatal to defendant's motion that during the period from October 12, 1984 through October 27, 1986, Section 841(b)(1)(B) [2] provided, in relevant part, as follows: "Any sentence imposing a term of imprisonment under this paragraph shall ... impose a special parole term of at least three years in addition to such term of imprisonment." Thus, as argued by the Government, Section 841(b)(1)(B) required the imposition of a three-year special parole term [3] and Section

---

**2.** More specifically, the October 12, 1984 legislation relabelled old Section 841(b)(1)(A) to become new Section 841(b)(1)(B), with minor modifications, effective October 12, 1984. *See* Comprehensive Crime Control Act of 1984 (effective October 12, 1984), Pub.L. 98–473, § 502, 98 Stat. 2068.

**3.** At first, Congress provided for the deletion of special parole to be effective November 1, 1986. *See* Sections 224 and 235 of the 1984 Act, set out at (98 Stat.) 2030–31 of the 1984 U.S.Code Cong. & Admin. News. Section 235 of the 1984 Act

fixes the effective date for the deletion of the special parole provision as "the first day of the first calendar month beginning twenty-four months after the date of enactment [on October 12, 1984]." 1984 U.S.Code Cong. & Admin. News, at (98 Stat.) 2031. Subsequently, the effective date of the "deletion" provision was extended an additional 12 months, to November 1, 1987. *See* Section 4 of the Sentencing Reform Amendments Act of 1985, Pub.L. 99–217, 1985 U.S.Code Cong. & Admin. News, at (99 Stat.) 1728. However, Sections 1002–04 of the Anti-

845a(a) provided for "at least twice any special parole term authorized by [section 841(b)] for a first offense," when a defendant was convicted of distributing a controlled substance within 1000 feet of a public elementary school.

Here it is beyond dispute that defendant Michael Brown pleaded guilty on October 6, 1986 to distributing "crack" form cocaine on or about May 20, 1986, charged in an indictment filed on June 3, 1986. All these events occurred during the period while the special parole requirement of Section 841(b)(1)(B) was in full force and effect. Because the Court imposed a term of imprisonment at the sentencing, "special parole was not only an allowable sentence, but a mandatory one." See *Quintana, supra,* 673 F.2d at 298. Furthermore, it is axiomatic that a defendant is not entitled to choose the penalty scheme under which he is sentenced. As Justice Marshall stated in a unanimous decision of the Supreme Court:

> Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.
>
> \*   \*   \*   \*   \*   \*
>
> Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution, neither is he entitled to choose the penalty scheme under which he will be sentenced.

*United States v. Batchelder,* 442 U.S. 114, 124, 125, 99 S.Ct. 2198, 2204, 2205, 60 L.Ed. 2d 755 (1979).

Not only was the six-year special parole term properly imposed at the sentencing herein, but the plain language of 21 U.S.C. § 841(c) provides guidance in the event defendant should violate the terms and condi-

Drug Abuse Act of 1986, Pub.L. 99–570, 100 Stat. 3207, effective October 27, 1986, repealed Section 841(b)(1)(B), including the not-yet effective provision deleting special parole. *See,* Codification Note, West's 1987 Edition of the *Federal Criminal Code and Rules,* at 923.

4. 21 U.S.C. § 841(c) provides in relevant part, as follows:

> A special parole term imposed under this section ... may be revoked if its terms and

tions of the special parole, after he completes his prison sentence. Under such circumstances he may be required to serve a further term of imprisonment equal to the period of the special parole, with no credit for time already spent on special parole.[4]

For the aforesaid reasons, defendant Brown's motion to correct his sentence is denied in all respects.

SO ORDERED

conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment.