**Miguel GARCIA MONTALVO, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 70, Docket 88–2128.

United States Court of Appeals, Second Circuit.

Argued Nov. 29, 1988.

Decided Dec. 1, 1988.

Perry A. Carbone, Weil, Gotshal & Manges, New York City, for plaintiff-appellant.

Peter T. Sheridan, Asst. U.S. Atty. for E.D.N.Y., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., for E.D.N.Y., John Gleeson, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y., of counsel), for defendant-appellee.

Before VAN GRAAFEILAND, WINTER and MAHONEY, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Miguel Garcia Montalvo appeals from Judge Nickerson's order denying his motion under 28 U.S.C. § 2255

(1982). Garcia's appeal raises two claims: (i) his 1982 conviction for conspiracy to possess with intent to distribute cocaine should be vacated because it violated his sixth amendment right to a speedy trial; and (ii) the district court erred by dismissing his Section 2255 motion without conducting a hearing. We affirm.

■ Under *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 107 (1972), the following factors must be considered in determining whether a defendant's sixth amendment right to a speedy trial has been violated: (i) the length of the delay, (ii) the reason for the delay, (iii) whether and how the defendant has asserted his speedy trial rights, (iv) resultant prejudice, if any. 407 U.S. at 530, 92 S.Ct. at 2191. Applying these factors to the present case, it is clear that Garcia was not deprived of his sixth amendment rights.

■ The primary factors leading to this conclusion are Garcia's failure to make his sixth amendment claim prior to the instant motion, approximately six years after his conviction, and his failure to assert any trial prejudice resulting from the delay. Garcia failed to raise the speedy trial issue at his trial and offers no explanation for the delay in raising that issue. This is thus not an instance where the defendant has "repeatedly and energetically asserted his rights." *United States v. Vispi*, 545 F.2d 328, 334 (2d Cir.1976). Nor does Garcia particularize in any way how he was prejudiced at trial by the delay. Moreover, given the length of time between the trial and the raising of the claim, it would be very difficult now to reconstruct a record regarding trial prejudice that should have been made six years ago. Garcia's belated motion thus attempts to impose on the government and the court the very burdens that the sixth amendment seeks to avoid being placed on defendants. *Barker* factors (iii) and (iv) thus weigh heavily against Garcia's claim.

According to *Barker*, of course, no single factor is "a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Barker v. Wingo*, 407 U.S. at 533, 92 S.Ct. at 2193. We must thus also consider factors (i) and (ii). Factor (i), "the length of the delay," clearly favors Garcia. Eight years is an inordinate amount of time in which to bring an indicted person to trial. As we stated in *United States v. New Buffalo Amusement Corp.*, 600 F.2d 368, 372 (2d Cir.1979), however, "delay alone is insufficient to constitute a Sixth Amendment violation." Where there is a reasonable explanation for a delay, its negative implications will be vitiated. We thus turn to factor (ii), "the reason for the delay." Garcia was indicted in 1974. At that time Garcia was incarcerated in Venezuela where he remained until 1977. From 1977 until 1981, Garcia remained in Venezuela as a fugitive. Venezuela's extradition treaty with the United States does not provide for the extradition of narcotics offenders, *see Treaty of Extradition Between the United States of America and Venezuela*, Jan. 19–21, 1922, 43 Stat. 1698, T.S. No. 675, and the United States government could do little to bring Garcia to trial in the United States. Nevertheless, it made efforts in that regard. Garcia's own papers demonstrate that the government lodged a warrant for Garcia's arrest with Venezuelan authorities. The filing of that warrant satisfied the government's constitutional duty to make a good-faith effort to return Garcia from Venezuela. *See United States v. Diacolios*, 837 F.2d 79 (2d Cir. 1988). In 1981, Garcia left Venezuela for Brazil, where he was once again incarcerated. After the United States filed a detainer with the Brazilian authorities, Garcia was returned to the United States on June 5, 1982. The government's delay in bringing Garcia to trial was thus undeniably reasonable.

Garcia's second claim, that the district court erred by dismissing his *pro se* Section 2255 motion without conducting a hearing on the issue, is equally meritless. Rule 4(b) of the Rules Governing Section 2255 Proceedings For the United States District Courts expressly states: "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge

shall make an order for its summary dismissal...." Garcia's motion and supporting papers showed that Garcia was not entitled to relief, and, therefore, the district court was entitled to dismiss the motion summarily.

AFFIRMED.