**Edgar ZAPATERO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Nos. 88 Civ. 1162 (PKL), 86 Cr. 284 (PKL).

United States District Court, S.D. New York.

May 31, 1989.

Edgar Zapatero, pro se.

Asst. U.S. Atty. Helen Gredd, S.D.N.Y., New York City, for respondent.

LEISURE, District Judge:

Petitioner Edgar Zapatero ("Zapatero") moves *pro se* under Fed.R.Crim.P. 35 and 28 U.S.C. § 2255 to set aside and correct his sentence to the extent of vacating the lifetime special parole imposed by the Court. The Court has carefully reviewed petitioner's application dated February 1, 1988; and letter dated April 28, 1989 from Assistant United States Attorney Helen Gredd ("Gredd"), submitted in opposition to the motion.

On September 8, 1986, Zapatero pleaded guilty to counts one and two of a two-count indictment, 86 Cr. 284 filed on April 1, 1986. Count one charges Zapatero with distributing three vials of cocaine on March 20, 1986, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2; and count two charges him with possessing with intent to distribute twenty-eight vials of cocaine on the same date, in violation of the same statutory provisions. On October 9, 1986, the Court sentenced Zapatero to consecutive terms of three years imprisonment on Count one and

Count two, respectively (for a total of six years imprisonment), to be followed by a lifetime special parole; and a special mandatory assessment of $50 on each of counts one and two, (for a total assessment of $100).

On February 11, 1987, the Court denied petitioner's prior Rule 35 motion seeking to reduce or correct his sentence on the grounds that the sentence was excessive and that the government failed to abide by its plea agreement with him and counsel. He did not raise the special parole issue in his prior motion. As pointed out in the Court's February 11, 1987 decision, Zapatero's arguments in his prior motion were contrary to the record established during his plea allocution.

▪ Zapatero's present application borders on the frivolous and could be summarily dismissed by the Court. *See Garcia Montalvo v. United States*, 862 F.2d 425, 426–27 (2d Cir.1988); *cf. United States v. Baraldini*, 803 F.2d 776, 777 (2d Cir.1986). It is undisputed that petitioner committed the crimes charged in the indictment on March 20, 1986. See transcript of plea hearing, September 8, 1986 ("transcript of plea hearing") at 9–11 (annexed as an exhibit to affidavit of AUSA Helen Gredd, sworn to on January 30, 1987, submitted in opposition to petitioner's prior Rule 35 motion). It should be noted that the version of 21 U.S.C. § 841(b)(1)(B) in effect when petitioner committed the offenses charged in the indictment and when he was sentenced, specifically required that a special parole term be imposed by the Court. *See United States v. Quintana*, 673 F.2d 296, 298 (10th Cir.), *cert. denied*, 457 U.S. 1135, 102 S.Ct. 2963, 73 L.Ed.2d 1353 (1982) ("special parole is not only an allowable sentence, but a mandatory one …"). Said version of § 841(b)(1)(B) was in existence and fixed the applicable penalties,[1] including a mandatory minimum "of at least three years," where the Court imposed a

---

1. The version of § 841(b)(1)(B) in existence from October 12, 1984 through October 27, 1986, provided in relevant part, as follows:

   Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of … a prior [narcotics related] convic-

tion, impose a special parole term *of at least* 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a special parole term *of at least* 6 years in addition to such term of imprisonment. (Emphasis added).

term of imprisonment. It is totally irrelevant that the statutory provision was subsequently repealed after petitioner committed the offenses, pleaded guilty and was sentenced, because the new statute did not expressly provide otherwise with respect to the repealed statute. *See United States v. Towne,* 870 F.2d 880, 887 (2d Cir.1989).

In addition, both the prosecutor and the Court were careful to advise petitioner, prior to his entering a plea of guilty to the charges in the indictment, that "the court could impose a maximum of up to life of special parole." Transcript of plea hearing at 7. Petitioner was asked if he understood and replied in the affirmative. *Id.* Thereafter, petitioner pleaded guilty to counts one and two of the indictment, and the Court accepted the plea. *Id.* at 10–11.

■ Such a sentence of lifetime special parole has met with the approval of the courts. *See, e.g., United States v. Walden,* 578 F.2d 966, 972 (3rd Cir.1978) ("[t]his section has been interpreted by several courts of appeals to permit a lifetime parole term"); *United States v. Jones,* 540 F.2d 465, 468–69 (10th Cir.1976) ("the statute is reasonably construed to validly authorize a maximum special parole term of life"), *cert. denied,* 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551 (1977); *United States v. Rich,* 518 F.2d 980, 987 (8th Cir.1975) ("[s]imilarly, we read the special parole statute in question as providing a maximum term of parole for life"), *cert. denied,* 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200 (1976); *Ugland v. United States,* 596 F.Supp. 156, 159 (D.N.J.1984).

Nor can petitioner obtain solace from this Court's first decision in *Urena v. United States,* 1987 WL 14917, 1987 U.S. Dist. LEXIS 6515 (S.D.N.Y. July 21, 1987) ("*Urena I*"), where it was stated: "Effective October 12, 1984, however, 21 U.S.C. § 841 was amended by Congress, which amendment eliminated special parole from subsection (b)(1)(B)." Slip op. at 6–7. As pointed out by the government (Gredd April 28, 1989 letter, p. 2), the Court rendered a second order, following reargument by the government of the decision in *Urena I,* and the second order corrected the misimpres-

sion created in *Urena I,* recognizing that "the version of ... § 841(b)(1)(B) which was in effect from October 12, 1984 through October 27, 1986, ... *specifically required a special parole term* of the type imposed by the Court on petitioner." *Urena v. United States,* No. 87 Civ. 2327, slip op. at 2, 1987 WL 47370 (S.D.N.Y. Sept. 4, 1987) ("*Urena II*"). (emphasis added). *See Integrated Circuits Unlimited v. E.F. Johnson Co.,* 875 F.2d 1040 (2d Cir.1989) ("[the court] should not be—nor is it— bound in any way by its preliminary determinations which, upon further reflection it later concludes were mistaken."). The reasoning of *Urena II* has been routinely followed by this Court in subsequent cases raising this issue. For example, in *United States v. Brown,* 715 F.Supp. 66 (S.D.N.Y.1988), a defendant moved to correct his alleged illegal sentence on the ground that the imposition of a special parole term had been repealed, where he pleaded guilty on October 6, 1986, to a narcotics offense committed on May 20, 1986. This Court rejected his motion, as follows:

> It is fatal to defendant's motion that during the period from October 12, 1984 through October 27, 1986, Section 841(b)(1)(B) provided, in relevant part, as follows: "Any sentence imposing a term of imprisonment under this paragraph shall ... impose a special parole term of at least three years in addition to such term of imprisonment."

*Id.,* slip op. 6–7 (footnote omitted).

In addition, other courts have reached the same conclusion. *See, e.g., United States v. McDaniel,* 844 F.2d 535, 536 (8th Cir.1988) ("[h]owever, the 'new' § 841(b)(1)(B) retains the special parole term ..."); *United States v. De Los Reyes,* 842 F.2d 755, 757 (5th Cir.1988) ("after October 12, 1984, special parole terms were mandated under 841(b)(1)(B) ..."); *United States v. Sanchez,* 687 F.Supp. 1254, 1256– 57 (N.D.Ill.1988) ("when [defendants] committed the crimes charged ... (on September 19, 1986), the law in effect was Title 21 as then most recently amended by the Comprehensive Crimes Control Act of 1984 ...

[a]nd in turn that meant this Court's imposition of the ten year special parole terms in conjunction with their sentences of imprisonment was entirely proper.").

Not only was the lifetime special parole term properly imposed at the sentencing herein, but the plain language of 21 U.S.C. § 841(c) provides guidance in the event petitioner should violate the terms and conditions of the special parole, after he completes his prison sentence. Under such circumstances, he may be required to serve a further term of imprisonment of part or all of the remainder of the special parole term, with no credit for time already spent on special parole.[2] The salutary purpose of this provision is to provide added inducement to Zapatero that he not revert to prior illegal activities, upon his release from prison. *See, e.g., United States v. Ochs*, 490 F.Supp. 1206, 1216 (S.D.N.Y. 1980) ("[i]n our judicial time, over and over again we have seen ... prisoners upon ... release either 'make good' in life or succumb sooner or later to the magnetism of the urge to pick up where they left off"), *aff'd*, 636 F.2d 1205 (2d Cir.1980), *cert. denied*, 451 U.S. 1016, 101 S.Ct. 3005, 69 L.Ed.2d 388 (1981).

For these reasons, petitioner's motion is denied in its entirety.

SO ORDERED.

---

2. 21 U.S.C. § 841(c) provides in relevant part, as follows:

A special parole term imposed under this section ... may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment.