914 F.2d 249
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edwin W. EMERSON, Defendant-Appellant.
 No. 89-7621.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1990.
Decided Sept. 20, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. J. Calvitt Clarke, Jr., District Judge. (CR-86-35-NN)
 Edwin W. Emerson, appellant pro se.
 Robert Edward Bradenham, II, Assistant United States Attorney, Norfolk, Virginia, for appellee.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Edwin W. Emerson appeals from an order of the district court denying his motion to correct his sentence under Fed.R.Crim.P. 35(a). Emerson was convicted of two counts of possession with the intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). The offenses underlying the convictions were committed in January 1985 and March 1985. Emerson was sentenced to terms of imprisonment totalling twelve years and to consecutive special parole terms of three years on each offense. The convictions were affirmed on direct appeal. United States v. Lozano, 839 F.2d 1020 (4th Cir.1988). In his Rule 35(a) motion Emerson alleged that the trial court erred in imposing the special parole terms because Sec. 841, as it was in effect at the time of the commission of the offenses, did not provide for a special parole term. It was Emerson's contention that the authority for imposition of special parole terms was repealed in 1984. The district court found no merit to the allegation and denied the motion. We agree and affirm.
 
 
 2
 Section 841 was amended several times prior to and after the commission of Emerson's offenses. Only the amendment made by section 224 of the Comprehensive Crime Control Act of 1984 is applicable to this appeal. The Comprehensive Crime Control Act of 1984 ("the Act") was enacted into law on October 12, 1984. Section 224 of the Act amended Sec. 841 by repealing, among other things, the authority for imposing special parole terms under Sec. 841(b)(1)(B). Section 235 of the Act, however, provided that the amendments made by section 224 were not effective until the effective date of the Sentencing Guidelines promulgated under the Sentencing Reform Act of 1984. The effective date of the Sentencing Guidelines was November 1, 1987. See Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, Secs. 224, 235, 1984 U.S.Code Cong. & Admin.News 98 Stat. 1837, 2030, 2031; Sentencing Reform Amendments Act of 1985, Pub.L. No. 99-217, Sec. 4, 99 Stat. 1728 (1985) (extending effective date until November 1, 1987).
 
 
 3
 Emerson cites Urena v. United States, 1987 WL 14917, 1987 U.S.Dist. LEXIS 6515 (S.D.N.Y. July 21, 1987) (Urena I ) in support of his allegation that section 224 of the Comprehensive Crime Control Act repealed the authority for special parole terms. Urena I held that effective October 12, 1984, Congress eliminated special parole terms from Sec. 841(b)(1)(B). Emerson's reliance on Urena I is misplaced, however, because the district court rendered a second opinion in Urena v. United States after reargument. In Urena II the district court corrected its decision in Urena I and held that " 'the version of ... Sec. 841(b)(1)(B) which was in effect from October 12, 1984 through October 27, 1986, ... specifically required a special parole term.' " Zapatero v. United States, 713 F.Supp. 703, 705 (S.D.N.Y.1989) (quoting Urena v. United States, No. 87 Civ. 2327, slip op. at 2, 1987 WL 47370 (S.D.N.Y. Sept. 4, 1987)) (Urena II ) (emphasis in original). See also United States v. Whitehead, 849 F.2d 849, 860 (4th Cir.1988) (for offenses committed prior to November 1, 1987, statute authorized special parole term; for offenses committed after November 1, 1987, statute authorizes term of supervised release), cert. denied, 57 U.S.L.W. 3394 (U.S. Dec. 5, 1988) (No. 88-5492).
 
 
 4
 Accordingly, we grant leave to proceed in forma pauperis and affirm the order of the district court denying Emerson's Rule 35 motion. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 5
 AFFIRMED.