104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Raymond E. RYDER, Plaintiff-Appellant,
v.
UNITED STATES of America, Appellee.
 No. 96-2277.
 United States Court of Appeals, Second Circuit.
 Nov. 4, 1996.
 
 APPEARING FOR APPELLANT: Raymond E. Ryder, pro se, Coleman, FL.
 APPEARING FOR APPELLEE: Anthony Siano, Asst. U.S. Atty., New York, N.Y.
 S.D.N.Y.
 AFFIRMED.
 Before NEWMAN, Chief Judge, and CARDAMONE and MCLAUGHLIN, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of records from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Raymond E. Ryder appeals pro se from the January 25, 1996, judgment of the District Court, dismissing sua sponte his motion under 28 U.S.C. § 2255 to vacate his sentence for RICO violations, 18 U.S.C. § 1962(c), to which he pled guilty. We previously affirmed his conviction. United States v. Ryder, No. 95-1386, 1996 WL 7186 (2d Cir. Jan 5, 1996). Ryder contends that his trial counsel was ineffective for failing to attend debriefing sessions at which Ryder endeavored to cooperate with the prosecutor, after his guilty plea and before sentencing.
 
 
 4
 Since a right of counsel to attend such sessions has only recently been announced by this Court, see United States v. Ming He, No. 95-1331, 1996 WL 494683 at * 7-* 8 (2d Cir.1996) (invoking this Court's supervisory authority), Ryder's trial counsel did not fail to observe applicable standards of professional competence by failing to attend such debriefing sessions.
 
 
 5
 Ryder's conclusory claims that his counsel failed to make an adequate investigation of the case do not entitle him to relief. See Garcia Montalvo v. United States, 862 F.2d 425, 426-27 (2d Cir.1988); United States v. Aiello, 814 F.2d 109, 113 (2d Cir.1987).