**UNITED STATES of America,
Appellee,**

v.

**Juan Guillermo OCAMPO, also known
as Paul, Defendant–Appellant.**

No. 06–3549–cr.

United States Court of Appeals,
Second Circuit.

Feb. 25, 2008.

64

Merrill Rubin, New York, NY, for Defendant–Appellant.

Virginia Chavez Romano and Diane Gujarati, Assistant United States Attorneys, for Michael J. Garcia, United States Attorney, Southern District of New York, for Appellee.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Juan Guillermo Ocampo ("Ocampo") appeals from a judgment of the United States District Court for the Southern District of New York (Duffy, *J.*) convicting him of conspiracy to commit money laundering and sentencing him principally to 72 months of imprisonment. We assume the parties' familiarity with the underlying facts and procedural history of the case.

In March 2005, Ocampo moved to dismiss the fourth superseding Indictment, claiming that the almost ten-year delay between his indictment and arrest violated his Sixth Amendment right to a speedy trial. The district court denied his motion. This Court reviews that determination *de novo*. *See United States v. Thorn,* 446 F.3d 378, 387 (2d Cir.2006).

In considering whether a defendant's constitutional right to a speedy trial has been violated, we consider four factors set forth in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972): "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant." *United States v. Jones,* 129 F.3d 718, 724 (2d Cir.1997) (per curiam). "A long delay between indictment and trial is presumptively prejudicial to the defendant and triggers an inquiry into the other three *Barker* factors." *United States v. Blanco,* 861 F.2d 773, 777 (2d Cir.1988). Although the presumption of prejudice resulting from a long delay "cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, ... its importance increases with the length of delay." *Doggett v. United States,* 505 U.S. 647, 656, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (citation omitted).

█ The nine-year and seven-month period between the fourth superceding indictment charging Ocampo with conspiracy to commit money laundering and his arrest is sufficiently long to trigger an inquiry into the remaining *Barker* factors. *See id.* at 652, 112 S.Ct. 2686 (finding eight and a half-year lag between indictment and arrest "clearly ... to trigger the speedy trial enquiry"); *Barker,* 407 U.S. at 533, 92 S.Ct. 2182 (describing delay of over five

years between arrest and trial as "extraordinary").

■ The second *Barker* factor considers "the reason the government assigns to justify the delay." *Id.* at 531, 92 S.Ct. 2182. While the government has a "constitutional duty to make a diligent good faith effort to bring [a defendant] to trial without unnecessary delay," it is not required "to pursue that which is futile." *United States v. Diacolios,* 837 F.2d 79, 82–83 (2d Cir.1988) (internal quotation marks omitted). Here, this second factor weighs heavily in favor of the government. The district court noted, and Ocampo does not dispute, that the government could not arrest Ocampo in Colombia because the charges against him predated the effective date of the extradition treaty between the United States and Colombia. Furthermore, the government entered information about Ocampo, his 1982 criminal conviction, and his 1994 indictment in various databases to ensure his arrest if he traveled to the United States—an effort that led to Ocampo's arrest upon his first entry into the United States following the return of the indictment. Given the government's inability to extradite Ocampo from Colombia and its efforts to ensure his arrest upon entry into the United States, we find that the government acted diligently and in good faith. *See, e.g., Garcia Montalvo v. United States,* 862 F.2d 425, 426 (2d Cir.1988) (finding eight-year delay "undeniably reasonable" given inability to extradite and lodging of warrant with foreign authorities); *Blanco,* 861 F.2d at 778–79 (holding that the government discharged its duty despite inability to extradite by tracking the defendant's whereabouts abroad and attempting to detect his border movements).

While the third *Barker* factor, the defendant's assertion of his rights, helps neither the government nor Ocampo, the absence of prejudice as a consequence of the delay tilts the fourth *Barker* factor in the government's favor. Balancing the *Barker* factors leads to the conclusion that there has been no violation of Ocampo's right to a speedy trial.

Ocampo also challenges his sentence for being "unduly harsh." We review sentencing determinations for reasonableness. *United States v. Kane,* 452 F.3d 140, 144 (2d Cir.2006) (per curiam) (describing reasonableness review as akin to review for abuse of discretion). Reasonableness review has procedural and substantive components. *See United States v. Florez,* 447 F.3d 145, 157 (2d Cir.2006).

■ First, Ocampo contends that the district court erred in not granting his motion for a downward departure pursuant to U.S.S.G. § 5H1.1 in recognition of his charitable work. However, we may not review a district court's denial of a downward departure motion on this basis. *See United States v. Valdez,* 426 F.3d 178, 184 (2d Cir.2005). To the extent Ocampo is challenging the reasonableness of his sentence based on its failure adequately to reflect the scope of his good works, his challenge has no basis in the record. The district court considered Ocampo's argument and reduced his sentence by more than two years in consideration of his charitable activities in Colombia.

■ Second, Ocampo contends that his sentence was high in comparison to a number of co-defendants. He was not, however, similarly situated to them. Ocampo had a prior drug conviction for which he served five years and was on parole when he committed the offense for which he was indicted. He also played a larger role in the money laundering organization than four of his co-defendants, did not cooperate with the government as did three of his co-defendants, and did not submit to pros-

ecution in a foreign jurisdiction as did two of the co-defendants to whom he compares himself. Even "if sentencing disparities between co-defendants are properly considered, the weight to be given such disparities, . . . is a matter firmly committed to the discretion of the sentencing judge and is beyond our [appellate] review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *Florez*, 447 F.3d at 158 (internal quotation marks omitted) (alteration in original). We find the sentence reasonable and the remainder of Ocampo's contentions without merit.

For the foregoing reasons, Ocampo's conviction and sentence are AFFIRMED.