Steven M. Witzel, Asst. U.S. Atty., S.D. N.Y., New York City, for U.S.

Santiago Larroque, pro se.

**UNITED STATES of America**

v.

**Santiago LARROQUE, Defendant.**

**No. 86 Cr. 0293 (JMC).**

United States District Court, S.D. New York.

April 25, 1990.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

Defendant's motion to correct an illegal sentence is denied. Fed.R.Crim.P. 35(a).

## BACKGROUND

On March 5, 1986, defendant Santiago Larroque was arrested on charges of violating certain federal narcotics laws. On April 3, 1986, a one count indictment was filed against Larroque, charging him with possessing approximately three kilograms of cocaine with the intent to distribute, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

On June 6, 1986, Larroque was convicted by a jury. He was sentenced on July 15, 1986, pursuant to Section 841(b)(1)(B), to eight years' imprisonment to be followed by a three year special parole term. Larroque's conviction was affirmed by the Court of Appeals for the Second Circuit on February 10, 1987. On August 13, 1987, this Court denied Larroque's first motion for a reduction of sentence.

Larroque now moves pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure [1] to vacate that part of his sentence that imposed the penalty of a three year special parole term. The Government opposes Larroque's motion.

## DISCUSSION

When Larroque committed his crime, the law in effect was the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, 1984 U.S.Code Cong. & Admin.News (98 Stat.) 1837, 2068 [the "1984 Act"]. The 1984 Act amended the penalty provisions of Section 841(b).[2] Prior to the 1984 Act, Section 841(b)(1)(A) required a special parole term for violations of Section 841(a) involving any quantity of the prohibited drugs. Under the 1984 Act, Sections 841(b)(1)(A) and (b)(1)(B) were renamed (b)(1)(B) and (b)(1)(C) respectively, and a new Section 841(b)(1)(A) was added. The new Section 841(b)(1)(A) provided enhanced penalties in terms of imprisonment and fines for offenses involving, *inter alia,* one kilogram or more of cocaine. It did not, however, provide for the imposition of a special parole term. The new Section 841(b)(1)(B), which imposed penalties for offenses involving, *inter alia,* less than one kilogram of cocaine, retained the special parole term. Thus, the 1984 Act had the ironic effect of retaining special parole for offenses covered by Section 841(b)(1)(B), but abolishing special parole for offenses covered by Section 841(b)(1)(A). *See, e.g., United States v. McDaniel,* 844 F.2d 535, 536 (8th Cir.

1988); *United States v. Santamaria,* 788 F.2d 824, 829 (1st Cir.1986); *United States v. Sanchez,* 687 F.Supp. 1254, 1256 (N.D.Ill. 1988).

Larroque contends that there is no statutory authority to impose a term of special parole for violations of Section 841(a) of the 1984 Act which involved a kilogram or more of cocaine. Larroque is in essence arguing that because his crime involved more than one kilogram of cocaine, he should have been charged and sentenced under Section 841(b)(1)(A) which did not authorize special parole. The Court disagrees. Although Larroque *could* have been charged under Section 841(b)(1)(A), the fact remains that he was indicted, tried, convicted and sentenced pursuant to Section 841(b)(1)(B). Thus, even though Larroque's offense involved more than a kilogram of cocaine, the Government decided to indict him under Section 841(b)(1)(B). This was a matter of prosecutorial discretion. *See United States v. Batchelder,* 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."). It is clear that the version of Section 841(b)(1)(B) in effect at the time of Larroque's offense specifically required a special parole term. *See Zapatero v. United States,* 713 F.Supp. 703, 704 (S.D.N.Y.1989).

Larroque was sentenced under 841(b)(1)(B), a statute with a shorter maximum term of imprisonment. Section 841(b)(1)(A) imposed penalties of imprisonment up to twenty years and a fine not to exceed $250,000. Section 841(b)(1)(B), on the other hand, set maximum penalties at only fifteen years' imprisonment and a $125,000 fine. If Larroque had been sentenced pursuant to Section 841(b)(1)(A), he probably would have received a longer term of imprisonment. Thus, Larroque received the benefit of being charged and

---

1. Rule 35(a) of the Federal Rules of Criminal Procedure provides that, for offenses committed prior to November 1, 1987, "[t]he court may correct an illegal sentence at any time...."

2. On October 27, 1986, the Anti–Drug Abuse Act of 1986 further amended Section 841(b). These amendments, however, are not relevant to the instant motion, as Larroque's illegal conduct, conviction and sentencing all took place between March and July of 1986.

sentenced under a "lesser" statute with a shorter maximum term of imprisonment. He cannot now claim that he should have been sentenced under a "tougher" statute in order to avoid a term of special parole.

Regardless of the fact that Larroque's offense involved more than a kilogram of cocaine, the Government decided to indict him under Section 841(b)(1)(B). Section 841(b)(1)(B) of the 1984 Act specifically authorized a term of special parole. Accordingly, the Court finds that its imposition of a three year special parole term was proper.

## CONCLUSION

Defendant's motion to correct an illegal sentence is denied. Fed.R.Crim.P. 35(a).