**UNITED STATES, Appellee,**

v.

**John D. RULE, Defendant, Appellant.**

**No. 90–1131.**

United States Court of Appeals, First Circuit.

Submitted May 7, 1990.

Decided June 4, 1990.

Rehearing Denied Aug. 8, 1990.

John D. Rule, on brief, pro se.

Richard S. Cohen, U.S. Atty., and Margaret D. McGaughey, Asst. U.S. Atty., on brief, for appellee.

Before BREYER, Chief Judge, CAMPBELL and CYR, Circuit Judges.

PER CURIAM.

Appellant believes that the special parole term he received as part of his sentence is unlawful. In particular, he claims that he was sentenced pursuant to the version of 21 U.S.C. § 841(b)(6) in effect in early 1984, which did not provide for special parole. The district court disagreed and denied appellant's motion to correct sentence. Appellant has now appealed. We review the background.

A 16–count indictment was returned against appellant in April 1984. Count 1 charged a conspiracy to possess with intent to distribute in excess of 1000 pounds of marihuana, a Schedule I controlled substance, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(6), and 846. The conspiracy was said to have taken place from November 1, 1983 to the date of the indictment (April 1984). The remaining 15 counts charged appellant on various dates with possessing differing quantities of marihuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The days were all particular dates in March 1984, and the quantities ranged from 100 pounds (counts 2, 3) to 985 pounds (count 16). The dates and quantities are significant as the relevant drug penalty statute has been amended several times and different penalty provisions are triggered by different quantities of controlled substances.

Appellant pled guilty to all 16 counts in September 1985. He was sentenced on November 22, 1985. The judgment read as follows:

> "Defendant has been convicted as charged of the offense(s) of conspiracy to possess with intent to distribute over 1,000 lbs. of marihuana; and possession with intent to distribute a quantity of marijuana, in violation of Title 21 U.S.C. §§ 841(a)(1), 841(b)(6) and 846 (Counts I thru XVI).
>
> "... The defendant is hereby committed to the custody of the Attorney General ... for imprisonment for a period of seven (7) years with respect to Count I; On Counts II through XVI inclusive, a period of three (3) years on each count to be served concurrently with each other and concurrently with the sentence imposed in Count I; a special parole of 5 years; a fine of $1,000 on each of Counts II through XVI for a total of $15,000, and the defendant shall stand committed until said fine is paid."

Appellant does not appear to dispute that the special parole term was imposed in conjunction with the substantive counts (counts II through XVI)—rather than the conspiracy count—and we think that is the proper reading of the judgment. *See Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980) (special parole not authorized for conspiracy conviction as § 846 formerly did not provide for special parole). Appellant's contention rather seems to be that the sentences on the substantive counts were imposed pursuant to 21 U.S.C. § 841(b)(6), but that statute does not authorize special parole.[1]

The relevant statutes in effect at the time appellant committed the offenses provided as follows. First, 21 U.S.C. § 841(a) proscribed, among other things, possession with intent to distribute controlled substances. Section 846 made it unlawful to conspire to commit a violation of § 841(a). And 21 U.S.C. § 841(b) set forth the penalties for violating § 841(a). Section 841(b)(6), the one penalty provision mentioned in the indictment (count 1) and the judgment, read as follows:

> (6) In the case of a violation of subsection (a) of this section involving a quantity of marihuana exceeding 1000 pounds, such person shall be sentenced to a term of imprisonment of not more than 15 years, and in addition, may be fined not more than $125,000. ...

Pub.L. No. 96–359, § 8(c)(2), 94 Stat. 1194 (1980). This section said nothing about special parole. In contrast, other subsections of § 841(b) specifically provided for special parole. For example, the version of § 841(b)(1)(B) in effect at the time appellant committed the possession with intent to distribute offenses and which set forth penalties for substantive marihuana offenses, read as follows:

> (B) In the case of a controlled substance in schedule I or II which is not a narcotic drug ... such person shall, except as provided in paragraphs (4), (5), and (6) of this subsection, be sentenced to a term of imprisonment of not more than 5 years, a fine of not more than $15,000, or both. ... Any sentence imposing a term of imprisonment under this paragraph *shall,* in the absence of ... a prior con-

---

1. In the district court, appellant raised an additional argument—that Pub.L. No. 98–473, § 224 enacted in October 1984 (*after* the date of appellant's offenses) had amended § 841(b) to eliminate special parole terms. Appellant has not pursued that argument on appeal, and hence we deem it waived. In any event, we would agree with the district court's reasons for rejecting the argument.

viction, *impose a special parole term* of at least 2 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a special parole term of at least 4 years in addition to such term of imprisonment. (Emphasis added.)

Pub.L. No. 91–513, Title II, § 401, 84 Stat. 1260 (1970), as amended by Pub.L. No. 95–633, Title II, § 201, 92 Stat. 3774 (1978) and Pub.L. No. 96–359, § 8(c)(1), 94 Stat. 1194 (1980).

Under § 841(b)(1)(B), special parole in conjunction with an imprisonment term imposed for substantive marihuana possession with intent to distribute offenses was mandated "except as provided in paragraph[ ] ... (6)." In other words, if the quantity of marihuana involved was less than 1000 pounds, special parole was required. Each of the substantive counts with which appellant was charged stated a quantity less than 1000 pounds. Hence, no substantive count came within the terms of § 841(b)(6), and consequently appellant was not sentenced pursuant to § 841(b)(6) for those offenses. Nevertheless, appellant appears to believe that he was sentenced on the substantive counts under § 841(b)(6)—rather than under § 841(b)(1)(B)—since § 841(b)(6) is mentioned in the judgment and indictment but § 841(b)(1)(B) is not.

We reject appellant's contention. Section 841(b)(6) was mentioned only in the conspiracy count, a factor which underscores our conclusion that § 841(b)(6)'s enhanced penalty provisions were being sought solely in connection with the conspiracy count—the one count charging involvement with over 1,000 pounds of marihuana. Even if grammatically the judgment may not be as clear cut as the indictment since the three statutes in the judgment are listed one after another (preceding the parenthetical reference to "Counts I thru XVI") rather than being separated by counts, we nevertheless conclude that the citation to § 841(b)(6) applied solely to the conspiracy count. Just as the judgment's reference to § 846 (a statute proscribing conspiracy) obviously pertained to count I (the conspiracy count) alone, so too,

we think, did the reference to § 841(b)(6) apply to the conspiracy count alone as that was the only count which satisfied § 841(b)(6)'s requirement of a violation of § 841(a)(1) involving over 1000 pounds of marihuana. That § 841(b)(1)(B) was not mentioned in either the indictment or judgment is irrelevant as § 841(b)(1)(B) is but a penalty provision and not an offense or an element thereof. *See United States v. McHugh,* 769 F.2d 860, 868 (1st Cir.1985) (the amount of marihuana is not an essential element of an offense under 21 U.S.C. § 841(a) which requires no specific quantity for conviction); Fed.R.Cr.P. 7(c)(3) (error in the citation or its omission should not be grounds for relief if omission did not mislead defendant to defendant's prejudice).

Appellant's reliance on *United States v. Middleton,* No. 80–10025B (D.Me. Oct. 8, 1985), is unavailing, for the special parole term which defendants in that case succeeded in having vacated had been imposed under § 841(b)(6) in conjunction with a conviction for possessing with intent to distribute in excess of 1000 pounds of marijuana. Here, in contrast, the term was imposed in conjunction with counts involving less than 1000 pounds.

*Affirmed.*