UNITED STATES of America,
Plaintiff–Appellee,

v.

Steven HESSEN, Jr.,
Defendant–Appellant.

No. 89–4016
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 12, 1990.

---

Steven Hessen, Jr., Orlando, Fla., for defendant-appellant.

Cynthia Hawkins, Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge and FAY and JOHNSON, Circuit Judges.

PER CURIAM:

Appellant Steven Hessen invokes an intriguing, if minor, twist in the legislative history of the sentencing provisions in Title 21 U.S.C. section 841 in order to argue that the district court illegally imposed a term of supervised release as part of his sentence. While we find no error in the imposition or length of the post-confinement monitoring, we VACATE the sentence as to "supervised release" and REMAND for the imposition of an equal period of "special parole."

The grand jury originally indicted Hessen for conspiring to possess with intent to distribute and conspiring to distribute approximately five kilograms of cocaine and for possession with intent to distribute less than 500 grams of cocaine. The United States Attorney subsequently filed a superseding information charging Hessen with possession with intent to distribute "a quantity" of cocaine in violation of Title 21 U.S.C. section 841(a). R3-137. Hessen entered into a plea agreement based on the superseding information, in which he pleaded guilty to the possession count and acknowledged his understanding that the count carried the penalties of "a maximum term of imprisonment of 20 years and a fine of $1,000,000 to be followed by a mandatory special parole term of a minimum of 3 years." R3-142-3. The district court accepted the plea as entered and sentenced Hessen to four years imprisonment and three years supervised release. Hessen now claims that the statute under which he was sentenced did not provide for any mandatory special parole or supervised release for crimes committed prior to November 1, 1987. The district court summarily denied Hessen's motion under Federal Rule of Criminal Procedure 35(a) to correct his sentence by vacating the term of supervised release; Hessen appeals that denial.

The basis for Hessen's appeal arises from the various transmutations that section 841(b) has undergone in recent years. Until October 12, 1984, the penalty for a first time violation of section 841(a) involving any quantity of cocaine or any other Schedule I or II narcotic included a mandatory special parole term of at least three years. *See* 21 U.S.C. § 841(b)(1)(A) (1982). On October 12, 1984, Congress amended section 841(b) by deleting the provisions for special parole, redesignating old sections 841(b)(1)(A) and (B) as new sections 841(b)(1)(B) and (C), and enacting a new section 841(b)(1)(A) that addressed violations of section 841(a) involving larger quantities of controlled substances, such as one kilogram or more of cocaine, but did not provide for any type of special parole term. Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, §§ 224(a), 502, 1984 U.S.Code Cong. & Admin.News (98

Stat.) 1837, 2030, 2068–69. The removal of the special parole term provisions initially would have become effective on November 1, 1986, *see* Pub.L. No. 98–473, § 235(a)(1), 1984 U.S.Code Cong. & Admin.News (98 Stat.) at 2031–32, but Congress later amended the date of effect to November 1, 1987. Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 1985 U.S.Code Cong. & Admin.News (99 Stat.) 1728, 1728. New section 841(b)(1)(A), however, became effective on the date of its enactment. Thus, after October 12, 1984, special parole terms were mandated for sentences imposed under subsections (b)(1)(B) and (C) but not under subsection (b)(1)(A). *See also United States v. De Los Reyes*, 842 F.2d 755, 758 n. 3 (5th Cir.1988); *United States v. Barkley*, 729 F.Supp. 37 (W.D.N.C.1990); *United States v. Phung-phiphadhana*, 640 F.Supp. 88 (E.D.Tenn. 1986).

Congress again amended section 841(b) on October 17, 1986, by striking subsections (b)(1)(A) and (B), redesignating subsection (b)(1)(C) as (b)(1)(D), and enacting new subsections (b)(1)(A)–(C) which provided in particular different levels of punishment for violations involving five kilograms or more of cocaine, 500 grams or more of cocaine, and unspecified amounts of cocaine. Anti–Drug Abuse Act of 1986, Pub.L. No. 99–570, § 1002, 1986 U.S.Code Cong. & Admin.News (100 Stat.) 3207, 3207-2 to 3207-4. Each new subsection provided for mandatory supervised release; old subsections retained had provisions for special parole stricken and replaced with supervised release. *Id.;* Pub.L. No. 99–570, § 1004, 1986 U.S.Code Cong. & Admin. News (100 Stat.) at 3207–6. While the 1986 amendment generally became effective on the date of its enactment, the concept of "supervised release" did not become law until November 1, 1987. *See United States v. Smith*, 840 F.2d 886, 889–90 (11th Cir.), *cert. denied*, 488 U.S. 859, 109 S.Ct. 154, 102 L.Ed.2d 125 (1988); *see also United States v. Delgado*, 903 F.2d 1495, 1504 (11th Cir.1990); *United States v. Reynolds*, 897 F.2d 1091 (11th Cir.1990) (per curiam). Instead, this circuit has deemed that defendants whose offenses occurred prior to November 1, 1987, should be sentenced to special parole. *Smith*, 840 F.2d at 890.

Hessen argues that he was guilty of possession of more than one kilogram of cocaine under section 841(b)(1)(A) as amended by the 1984 Act which did not provide for special parole or supervised release. Since Hessen's offense occurred in October 1987, however, he was sentenced under section 841(b) as amended by the 1986 Act. Nevertheless, because the new supervised release provisions of section 841(b) had not become operative when Hessen committed his offense, the question remains whether the previous penalty provisions under section 841(b) would have authorized special parole in Hessen's case. It is a fact that while the initial charges brought against Hessen accused him of conspiring to possess and distribute five kilograms of cocaine, the indictment alleged that he actually possessed with intent to distribute less than 500 grams of cocaine. After those charges were superseded by a subsequent information, Hessen pleaded guilty to and was convicted of possession of an *unspecified* amount of cocaine. Thus his offense in no wise could have fallen under the aegis of deleted section 841(b)(1)(A). Rather, his was an offense punishable under old section 841(b)(1)(B) which included a special parole term of at least three years for first offenders.

At the time of Hessen's offense, existing sections 841(b)(1)(A), (B) and (D) governed penalties for offenses involving specified quantities of controlled substances. Section 841(b)(1)(C) set out the punishment for crimes that did not fall within the ambit of the aforementioned subsections, that is, those crimes involving unspecified amounts of controlled substances. Section 841(b)(1)(C) authorized in Hessen's case imprisonment for up to twenty years, a fine not to exceed one million dollars, and a term of supervised release of at least three years, exactly the same penalties stated in Hessen's plea agreement except that the plea agreement correctly referred to the post-confinement supervision as "special parole." As Hessen's offense preceded the

November 1, 1987, effective date of the supervised release provisions and the abolition of special parole, the district court should have sentenced Hessen to a term of special parole rather than supervised release. Accordingly, we VACATE the sentence as to supervised release and RE-MAND for the imposition of a term of special parole.