Robert L. Barr, Jr., U.S. Atty., Wilmer Parker, III, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Clarence BRANTLEY, Sr., aka Clarence Scott, Defendant–Appellant.**

No. 89–9022

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Jan. 29, 1991.

Before CLARK and COX, Circuit Judges, and HILL, Senior Circuit Judge.

PER CURIAM:

Appellant Clarence Brantley, Sr., brings a pro se appeal from the district court's denial of his Fed.R.Crim.P. 35(a) motion attacking the legality of that court's imposition of a special parole term for his violation of 21 U.S.C. § 841(a). Brantley pleaded guilty to Count Eight of an indictment, charging him with "knowingly and intentionally possess[ing] with intent to distribute *a quantity of cocaine*, a Schedule II narcotic controlled substance . . ." on October 15, 1984. R1–21 (emphasis added). The district judge sentenced him on Count Eight to five years imprisonment and to ten years special parole. R22–1.

The sentencing provisions for violations of section 841(a) are found in section 841(b). Section 841(b) has undergone numerous changes in recent years. *See generally United States v. Hessen,* 911 F.2d 651, 652–53 (11th Cir.1990). Appellant correctly argues that at the time relevant to his offense section 841(b)(1)(A) addressed violations of section 841(a) involving greater than one kilogram of Schedule II substances and did not provide a special parole term. *Hessen,* 911 F.2d at 653; 21 U.S.C. § 841(b)(1)(A) (Supp. II 1984). Appellant argues that the government seized at least three kilograms of cocaine and that the district judge thus should not have sentenced him to a special parole term.[1] Also in effect at the time of appellant's offense, however, was deleted section 841(b)(1)(B). *See Hessen,* 911 F.2d at 653. According to section 841(b)(1)(B), "[i]n the case of a controlled substance in schedule I or II except as provided in subparagraph[ ] (A)," an offender was subject to a certain maximum prison sentence and a mandatory special parole term of at least three years for first offenders and at least six years for repeat offenders. 21 U.S.C. § 841(b)(1)(B) (Supp. II 1984).

Where a defendant pleads guilty to and is convicted of possession of an *unspecified* amount of cocaine, the offense is not governed by deleted section 841(b)(1)(A). *Hessen,* 911 F.2d at 653 (emphasis in original). Rather, the offense is punishable under old section 841(b)(1)(B). *Id.* Because section 841(b)(1)(B) authorized the special parole term imposed, we AFFIRM the judgment of the district court.

---

**1.** In its Reply Brief, the government acknowledges that federal agents seized approximately three kilograms of cocaine and that it represented so at the Fed.R.Crim.P. 11 colloquy.