968 F.2d 1224
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Respondent-Appellee,
v.
James E. HUMPHREYS, Jr., Defendant-Petitioner-Appellant.
 Nos. 91-6239, 91-6323, 91-6352 and 91-6353.
 United States Court of Appeals, Tenth Circuit.
 July 8, 1992.
 
 Before LOGAN and EBEL, Circuit Judges, and SAFFELS,* Senior District Judge.
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.[1]
 
 
 2
 Defendant appeals from adverse dispositions of four separate proceedings before the district court, including a Motion for Correction or Reduction of Sentence under Fed.R.Crim.P. 35 (Appeal No. 91-6239), Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Appeal No. 91-6323), Petition for Writ of Mandamus under 28 U.S.C. § 1651 (Appeal No. 91-6352), and Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 (Appeal No. 91-6353). All of these matters relate, directly or indirectly, to defendant's 1990 conviction on nine counts of cocaine distribution, 21 U.S.C. § 841(a)(1), and one count of conspiracy to possess with intent to distribute, 21 U.S.C. § 846, for which he received ten concurrent seven-year sentences, a special parole term of three years, and a special assessment of $500. We address each appeal in turn.
 
 Appeal No. 91-6239
 
 3
 Defendant sought both mandatory correction and discretionary reduction of his sentence from the district court. See Fed.R.Crim.P. 35(a) and (b). However, he has limited his appeal to the former claim that the sentencing court lacked authority to impose a special parole term under the version of § 841(a)(1)(A) in force at the time of his crimes, i.e., March through July of 1985. See Appellant's Opening Brief at supp. p. 2(C).
 
 
 4
 Although defendant is correct that at the time in question § 841(a)(1)(A) authorized substantial prison sentences for major drug offenses but lacked any provision for special parole, he actually was convicted and sentenced under § 841(b)(1)(B), which authorized shorter prison sentences for lesser drug offenses but did provide for the special parole term imposed. See Gozlon-Peretz v. United States, 111 S.Ct. 840, 844 (1991) (1984 amendments created "peculiar situation in which small-time offenders were subject to special parole, while big-time offenders were not"); United States v. Garcia, 879 F.2d 803, 804-05 (10th Cir.1989). Although defendant's presentence report discussed larger drug quantities falling within the range addressed by § 841(a)(1)(A), he was in fact charged and convicted for distribution of much smaller amounts punishable under § 841(a)(1)(B). A federal court has authority only "to impose punishments that are ... provided for by a federal statute applicable to the offense for which the defendant was convicted. " United States v. Elkin, 731 F.2d 1005, 1011 (2d Cir.) (emphasis added), cert. denied, 469 U.S. 822 (1984). Thus, because defendant's offense of conviction fell under § 841(b)(1)(B), the district court's discretion, though informed by circumstances outside that statute's scope, was nevertheless properly exercised with respect to the particular sentencing alternatives, including special parole, set out therein. See, e.g., United States v. Brantley, 922 F.2d 741, 742 (11th Cir.1991) (when defendant was convicted on guilty plea under § 841(b)(1)(B), special parole term was proper despite involvement of drug quantities in range of § 841(b)(1)(A)).
 
 
 5
 As for the conspiracy count, the Government concedes that no special parole term could be imposed in light of Bifulco v. United States, 447 U.S. 381, 400 (1980). Correction or amendment of defendant's judgment of conviction is unnecessary, we believe. Although the judgment of conviction does not specifically state that the parole term was imposed only for the nine distribution convictions and not for the conspiracy conviction, in context, as the court made the sentence on all counts run concurrently, see I R. tab 114, 120, and VIII R. 13, and the judge is presumed to know the law, the judgment is properly read as imposing special parole in conjunction with the substantive counts rather than the conspiracy count. See United States v. Rule, 905 F.2d 497, 498 (1st Cir.1990). Accordingly, we affirm the district court's denial of defendant's Rule 35 motion.
 
 Appeal No. 91-6323
 
 6
 Defendant's petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 was filed with the district court one week after his motion for relief under § 2255. The district court correctly recognized the inappropriateness of the habeas petition, which raised additional grounds challenging his conviction and sentence that had been omitted from the § 2255 motion,[2] and dismissed it accordingly. Compare Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir.1965) (§ 2255 motion is exclusive remedy for challenging validity of judgment and sentence) with United States v. Scott, 803 F.2d 1095, 1096 (10th Cir.1986) (§ 2241 petition properly used to challenge execution rather than validity of sentence). Because the petition and § 2255 motion evidently had been submitted for filing simultaneously, however, the district court advised defendant he could pursue any grounds raised in the petition without threat of dismissal under Rule 9 following § 2255 (delayed or successive motions) by promptly moving to amend the motion to include them. We consider the district court's disposition a legally correct and fairly sensitive solution to the procedural difficulty defendant created for himself. If by electing to pursue the present meritless challenge to that disposition, defendant has lost the underlying claims to the Rule 9 bar, the responsibility for that unnecessary result may not be charged to any error of the district court.
 
 Appeal No. 91-6352
 
 7
 Defendant initiated this proceeding in the district court to secure a writ of mandamus, writ of assistance, or contempt order compelling the Federal Bureau of Investigation to produce documents pursuant to the Freedom of Information Act. Following referral of the matter under 28 U.S.C. § 636, the magistrate judge issued his findings and recommendation that the requested relief be denied. On October 11, 1991, before the district court took any action on this recommendation, defendant filed a notice of appeal to this court "from the Order entered on September 27, 1991, by Magistrate Judge Howland." Ultimately, the district court denied relief and dismissed the proceeding by order entered January 28, 1992. Defendant did not file a notice of appeal following this final disposition.
 
 
 8
 Except for proceedings conducted by the magistrate judge on consent of the parties pursuant to § 636(c), a court of appeals lacks jurisdiction to hear an appeal taken directly from a decision of the magistrate judge. See, e.g., Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co., 879 F.2d 809, 811 (10th Cir.1989) (rejecting direct appeal from magistrate judge's resolution of post-judgment proceeding); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164-65 (10th Cir.1986) (rejecting direct appeal from discovery order issued by magistrate judge); United States v. Jones, 581 F.2d 816, 817-18 (10th Cir.1978) (following United States v. First Nat'l Bank, 576 F.2d 852, 853-54 (10th Cir.1978), and rejecting direct appeal from summons enforcement order issued by magistrate judge). Consequently, in light of the procedural circumstances outlined above, we must dismiss this appeal for lack of jurisdiction.[3]
 
 Appeal No. 91-6353
 
 9
 On September 20, 1991, the magistrate judge issued his recommendation that defendant's § 2255 motion be denied. In accord with § 636(b)(1) (ten days allotted for filing written objections following service of magistrate judge's recommendation), Fed.R.Civ.P. 6(a) (weekends and holidays excluded from computation of time periods less than eleven days), and Fed.R.Civ.P. 6(e) (three days added to time periods triggered by service of document by mail), defendant had a total of seventeen days, i.e., until October 7, 1991, to file objections. See, e.g., Tushner v. United States Dist. Court, 829 F.2d 853, 854-55 (9th Cir.1987); Coles Express v. New England Teamsters & Trucking Indus. Pension Fund, 702 F.Supp. 355, 357 (D.Me.1988). By order entered October 8, 1991, the district court adopted the magistrate judge's seemingly unchallenged recommendation. The next day, defendant's objection to the magistrate judge's recommendation was entered on the docket as filed.
 
 
 10
 Prompted by defendant's Motion to Correct and Modify Record on Appeal, we obtained defendant's objection to the magistrate judge's recommendation to determine when defendant, a prisoner, presented it for mailing. See 10th Cir.R. 10.2.4 (court of appeals has access to, and may examine, any of the original papers filed in the district court). Because defendant accomplished this on October 1, 1991, the objection must be considered timely filed, regardless of the date of entry on the docket. See Houston v. Lack, 487 U.S. 266, 276 (1988) (filing occurs when document is delivered to prison authorities for forwarding to court clerk); Dunn v. White, 880 F.2d 1188, 1190 (10th Cir.1989) (applying Houston rule to filing of § 636 objections), cert. denied, 493 U.S. 1059 (1990).
 
 
 11
 In deference to the statutory and constitutional mandate that the district court conduct de novo review of challenged magistrate judge recommendations, we recently held that "[w]here circumstances indicate that the district court has not conducted such review following timely objection to the magistrate's report, the case must be remanded for compliance with [§ 636]." Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir.1991). Accordingly, we vacate the district court's order denying defendant's § 2255 motion and remand the proceeding for consideration of defendant's timely objection.
 
 
 12
 In summary, we DISMISS Appeal No. 91-6352, AFFIRM the district court's judgments in Appeals Nos. 91-6239 and 91-6323, and VACATE its judgment and REMAND for further proceedings in Appeal No. 91-6353.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant's Motion to Strike Appellee's Oral Argument is, accordingly, denied as moot
 
 
 [2]
 These grounds include denial of counsel of choice, ineffective assistance of counsel, abuse of the grand jury process, admission of evidence obtained in violation of the Fourth Amendment, and reliance on erroneous information at sentencing. The petition also alleges that pilot certificates taken from defendant at the time of his arrest as a condition of bail have not been returned to him. This last claim, which has nothing to do with the duration or legality of defendant's confinement, is not a proper subject for any type of habeas proceeding. See generally Preiser v. Rodriguez, 411 U.S. 475, 499 (1973)
 
 
 [3]
 Because of the final, independent authority of the district court over referred matters, see, e.g., Colorado Bldg., 879 F.2d at 811; Gee v. Estes, 829 F.2d 1005, 1009 (10th Cir.1987) (summarizing discussion of § 636 in United States v. Raddatz, 447 U.S. 667, 673-76 (1980)), the magistrate judge's recommendation cannot be considered simply an early announcement of the district court's ultimate decision, and, consequently, the ripening principle derived from Fed.R.App.P. 4(a)(2) in Lewis v. B.F. Goodrich Co., 850 F.2d 641 (10th Cir.1988), is inapplicable here. See Wagoner v. Wagoner, 938 F.2d 1120, 1122 (10th Cir.1991) (explaining source and scope of Lewis rule)