974 F.2d 1332
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ronald Calvin DILLOW, a/k/a RD, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ronald Calvin DILLOW, a/k/a RD, Defendant-Appellant.
 Nos. 91-7316, 92-6198.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 23, 1992
Decided: September 8, 1992
 
 Ronald Calvin Dillow, Appellant Pro Se.
 Richard Cullen, United States Attorney, Alexandria, Virginia, for Appellee.
 OPINION
 Before PHILLIPS, MURNAGHAN, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ronald Calvin Dillow appeals from the district court's orders refusing relief under 28 U.S.C. § 2255 (1988), and denying Dillow's motion to correct his presentence investigation report. We affirm on the reasoning of the district court in No. 92-6198 in which Dillow appeals the district court's denial of his motion to correct his presentence investigation report. United States v. Dillow, Nos. CR-84-176A, CA-91-1385-AM (E.D. Va. Nov. 25, 1991). We also affirm the denial of relief in No. 91-7316.
 
 
 2
 In January 1985, a jury convicted Ronald Calvin Dillow of violating federal law in connection with a conspiracy to manufacture and distribute PCP and PCP-y and manufacture cocaine. Dillow's sentence for five of the counts on which he was convicted included concurrent three year special parole terms, imposed pursuant to 21 U.S.C. § 841(b)(1)(A) (1982). This Court affirmed his conviction. United States v. Ables, Nos. 85-5062/5073 (4th Cir. Sept. 15, 1986) (unpublished).
 
 
 3
 In No. 91-7316, Dillow appeals the district court's denial of relief under 28 U.S.C. § 2255. He sought an order vacating his special parole terms, arguing that the special parole terms were invalid because the provision in § 841(b)(1)(A) authorizing special parole terms was not in effect at the time he committed his crimes.
 
 
 4
 The conduct for which Dillow was convicted occurred between December 1981 and September 1984. Throughout this period, 21 U.S.C. § 841(b)(1)(A) imposed a mandatory three year special parole term for first time convictions under 21 U.S.C.s 841(a) involving a schedule I or II controlled substance.* Although 21 U.S.C. § 841(b) was amended in 1984 and 1986, these amendments all took effect after September 1984. See Gozlon-Peretz v. United States, 59 U.S.L.W. 4107 (U.S. 1991); United States v. Hessen, 911 F.2d 651 (11th Cir. 1990). Therefore, they do not affect Dillow's sentence. See Gozlon-Peretz, 59 U.S.L.W. 4109 (statute in effect at time of commission of crimes governs).
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 During the period Dillow was engaged in the criminal activity for which he was convicted, cocaine and PCP were Schedule II drugs. 21 C.F.R. § 1308.12 (1984); 21 C.F.R. § 1308.12 (1983); 21 C.F.R. § 1308.12 (1982); 21 C.F.R. § 1308.12 (1981)