Mark **SHUKWIT**, Petitioner–Appellant,

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 90–3920
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 25, 1992.

Mark Shukwit, Montgomery, Ala., for petitioner-appellant.

Cynthina R. Hawkins, Asst. U.S. Atty., Orlando, Fla., for respondent-appellee.

Before FAY and ANDERSON, Circuit Judges, and CLARK, Senior Circuit Judge.

PER CURIAM:

Appellant Mark Shukwit pled guilty to one count of possession with intent to distribute methamphetamine. Shukwit objected to portions of the Presentence Investigation Report (PSI) that referred to him as a "principal" and "main distributor" of controlled substances. Prior to sentencing, he renewed this objection, and the government conceded that he was less culpable than his wife, who was also a member of the distribution scheme. The government did not, however, concede that he was not a principal or main distributor. Without making express findings about the disputed portions of the PSI, the district court sentenced Shukwit to ten years of imprisonment followed by a three-year term of supervised release. Shukwit did not pursue a direct appeal from his conviction.

Subsequently Shukwit filed a motion to reduce his sentence under Federal Rule of Criminal Procedure 35(b), and the district court summarily denied the motion. Nearly one year later, Shukwit filed this motion, alternatively styled as a motion under Rule 35(a) or a motion to vacate under 28 U.S.C. § 2255. In this motion, Shukwit argued that the district court erred by not making specific findings of fact relating to the disputed information in the PSI. Moreover, he argued that the district court erroneously sentenced him to a term of supervised release.

In response, the government conceded that the court had improperly sentenced Shukwit to a term of supervised release and asked the district court to resentence him to a term of special parole. Additionally, although the government asserted that the district court had not relied on the disputed information in sentencing, it asked the district court to make explicit findings relating to that information in order to clarify whether the district court had relied on the disputed information.

The district court issued a Corrected Judgment, which changed the supervised release provision to a three-year period of special parole. The court, however, denied Shukwit's motion to vacate without making any findings of fact regarding the controverted matters.

## RULE 32

On appeal Shukwit argues that the district court failed to address his objections to the PSI. He asserts that the PSI incorrectly labelled him a principal or a main distributor in the drug distribution operation and that the court's reliance on the information violated the express requirements of Rule 32(c)(3)(D) and denied him due process of law.

■ The government argues for the first time on appeal that Shukwit is procedurally barred from collaterally attacking his sentence because he failed to object to the lack of factual findings in the district court or to take a direct appeal. We find that Shukwit did properly object to the alleged inaccuracies in the district court. Moreover, the government did not raise the procedural bar issue in the district court. Therefore, the government has waived its right to argue procedural default on appeal.[1]

■ A prisoner may attack his or her sentence pursuant to 28 U.S.C. § 2255 on the ground that the sentence was imposed in violation of the Constitution or laws of the United States. Moreover, due process protects the right not to be sentenced on the basis of false information.[2] Thus, Shukwit's claim that he was sentenced on the basis of false information contained in the PSI is cognizable in this petition.

■ When a defendant challenges a factual assertion in a PSI, the district court is obligated under Fed.R.Crim.Pro. 32(c)(3)(D) either to make a factual finding as to the allegation or to determine that no such finding is necessary because the matter controverted will not be taken into account in sentencing. In either case, these factual findings and determinations must be appended to the PSI. If the court declines to

---

1. *See United States v. Jordan,* 915 F.2d 622, 629 (11th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1629, 113 L.Ed.2d 725 (1991).

2. *Parks v. United States,* 832 F.2d 1244 (11th Cir.1987).

resolve a factual challenge to a PSI by making a determination that it will not rely on the disputed factual matter in sentencing, it must expressly set out in writing the disputed facts that it did not resolve.[3]

■ The district court in this case failed to make a finding as to Shukwit's factual challenge to the PSI or to make an express determination that no finding was necessary. Because of this failure to comply with Rule 32(c)(3)(D), we are unable to ascertain whether Shukwit was sentenced on the basis of inaccurate information. Accordingly, we remand the case for compliance with Rule 32(c)(3)(D). The district court must append to Shukwit's PSI either its factual finding as to the disputed factual matter or its express determination that no finding is necessary because it did not rely on the matter in sentencing. If the district court makes an express determination that it did not rely on the disputed factual matter in sentencing, then due process is not implicated and resentencing is unnecessary.[4] Of course, resentencing will be necessary if the district court determines that any of the information upon which it relied in sentencing was materially inaccurate.

### SUPERVISED RELEASE

In response to Shukwit's § 2255 motion, the district court entered a corrected judgment that imposed upon Shukwit a term of special parole, rather than supervised release. At the time of the entry of this corrected judgment, the law in this circuit was that defendants whose offenses occurred prior to November 1, 1987, should be sentenced to special parole, not supervised release.[5] As Shukwit committed his offense in January 1987, the district court's decision to correct the judgment was not erroneous under the law as it existed at the time. Recently, however, the Supreme Court decided that supervised release, not special parole, applies to all drug offenses specified in section 1002 of the Anti–Drug Abuse Act of 1986, 21 U.S.C. § 841(b)(1)(A), occurring after October 27, 1986, but before November 1, 1987.[6] Accordingly, it is now clear that Shukwit should be sentenced to supervised release, rather than special parole. On remand, the district court should correct Shukwit's sentence accordingly.

### CONCLUSION

For the foregoing reasons, the district court's decision denying Shukwit's § 2255 motion is VACATED and the case is REMANDED for further proceedings consistent with this opinion.

---

3. *United States v. Lopez,* 907 F.2d 1096, 1101 (11th Cir.1990).

4. *See Id.* at 1101 n. 7 ("The failure of a trial court to append a written determination of its findings pursuant to Rule 32(c)(3)(D) is a "ministerial matter" that may be remedied on remand without resentencing.").

5. *See, e.g., United States v. Hessen,* 911 F.2d 651 (11th Cir.1990).

6. *Gozlon–Peretz v. United States,* —— U.S. ——, —— ––——, 111 S.Ct. 840, 848–49, 112 L.Ed.2d 919 (1991).