981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles HOYE, Defendant-Appellant.
 No. 92-6245.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 31, 1992
Decided: December 17, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Charles Hoye, Appellant Pro Se.
 John Thomas Martin, OFFICE OF THE UNITED STATES ATTORNEY, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL, WILKINS, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles T. Hoye appeals from the district court's order denying relief under Fed. R. Crim. P. 35(a).* We affirm.
 
 
 2
 Hoye pled guilty to two counts of a federal indictment charging him with conspiracy to possess cocaine with intent to distribute and possession of cocaine, in violation of 21 U.S.C.ss 841(a)(1), 846 (1988 & Supp. II 1990). The conduct underlying the substantive offense took place in April 1986, and by agreement Hoye was sentenced under the version of the statute in effect on that date. Hoye contends that the imposition of a special parole term in his case was improper.
 
 
 3
 In April 1986, special parole was authorized for persons sentenced under § 841(b)(1)(B), (C), and (D), but it was not authorized for those sentenced under § 841(b)(1)(A). See Gozlon-Peretz v. United States, 59 U.S.L.W. 4107, 4108 (U.S. 1991); United States v. Hessen, 911 F.2d 651, 652-53 (11th Cir. 1990) (per curiam); United States v. De Los Reyes, 842 F.2d 755, 758 n.3 (5th Cir. 1988).
 
 
 4
 In sentencing Hoye, the district court made no explicit finding as to which portion of § 841(b)(1) it was sentencing Hoye under. The substantive count against Hoye did not allege any specific amount of narcotics. Hoye contends that because the overt acts alleged in the conspiracy count demonstrated that he possessed in excess of five kilograms of cocaine during the time frame alleged in the substantive 5210 106 2 count, he must consequently have been sentenced under § 841(b)(1)(A). Therefore, he contends, special parole was improper.
 
 
 5
 Hoye's argument ignores the fact that at the time he was sentenced, § 841(b)(1)(C) was applicable to charges which did not involve a specified amount of drugs. Hessen, 911 F.2d at 653. Special parole was required under § 841(b)(1)(C). Accordingly, because the count Hoye pled guilty to did not allege a specified amount of drugs, § 841(b)(1)(C) was the applicable penalty provision and special parole was appropriately imposed upon him. See Hessen, 911 F.2d at 653.
 
 
 6
 The decision of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Because Hoye's offenses took place before November 1, 1987, the prior version of Rule 35 was applicable to this case