UNITED STATES of America,

v.

Herbert Randall WEBB.

No. 84–157–Cr–J–20.

United States District Court,
M.D. Florida,
Jacksonville Division.

Feb. 15, 1995.

Ernst D. Mueller, Asst. U.S. Atty., Jacksonville, FL, for plaintiff.

Reed B. Somberg, Coconut Grove, FL, for defendant.

## *ORDER*

SCHLESINGER, District Judge.

This cause is before the Court on Defendant's Motion to Set Aside Special Parole

Term (Doc. No. 348, filed December 23, 1994). The United States' Response to Motion to Set Aside Special Parole Term (Doc. No. 349) was filed February 7, 1995.

On April 19, 1985, the Honorable Susan H. Black, the United States District Judge, sentenced Herbert Randall Webb to ten years imprisonment and to a special parole term of ten years. The ten year special parole term was imposed pursuant to Counts Three and Four of the Indictment in which Defendant was convicted of having intentionally imported and possessed with intent to distribute cocaine in excess of one kilogram on or about November 14, 1984, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(1)(A), and 841(a)(1) and 841(b)(1)(A), respectively. *See* Judgment and Probation/Commitment Order (Doc. No. 249). The special parole term of ten years was apparently imposed pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 960(b)(1)(B).

■ However, at the time the crime was committed and at the time of Defendant's sentencing, 21 U.S.C. § 841(b)(1)(A) did not authorize the imposition of a term for special parole for the offense of conviction on Count 4 in this case. *See United States v. Hessen,* 911 F.2d 651, 652–53 (11th Cir.1990).

Defendant states in his motion that he was only sentenced to a five year special parole term. Defendant, however, was sentenced to a ten year special parole term. Furthermore, this ten year special parole term was imposed pursuant to both 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 960(b)(1).

In Judge Black's Judgment and Probation/Commitment Order (Doc. No. 249) she stated that "on Counts Three and Four that defendant shall serve a special parole term of TEN (10) years." At sentencing, Judge Black held that "Counts One, Two, Three and Four will run concurrently. As to Counts Three and Four there will be a ten-year special parole term." Sentencing Transcript at 12. The Court finds that Defendant was sentenced to a ten year term of special

parole on both Counts Three and Four, to run concurrently.

The United States agrees with Defendant that the Court should set aside the special parole terms imposed on Defendant since it was not statutorily authorized. The Court, however, does not agree that the ten year special parole term should be set aside. Rather, only the ten year special parole term imposed pursuant to 21 U.S.C. § 841(b)(1)(A) on Count Four should be set aside.

■ The special parole term imposed on Defendant on Count Three, pursuant to 21 U.S.C. § 960(b)(1), should not be set aside. Prior to 1984, Section 960(b) allowed for the imposition of a special parole term of not less than three years to accompany sentences including imprisonment. *See* 21 U.S.C. § 960(b)(1) (1982). On October 12, 1984, Congress enacted the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, 1984 U.S.C.C.A.N. (98 Stat.) 1837, which amended the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951–71. The 1984 amendment enhanced the penalty provisions for a violation involving importation of more than 1,000 grams of cocaine; this enhancement was effective immediately. *See* Pub.L. No. 98–473, ch. 5, § 502, 1984 U.S.C.C.A.N. (98 Stat.) 1837, 2068–69; *United States v. De Los Rios,* 1992 WL 122772, at * 1 (S.D.N.Y. 1992). The 1984 amendment also deleted the special parole term for offenses involving the importation of cocaine in excess of 1,000 grams. However, the effective date of the deletion of the term for special parole for such offenses was delayed until November 1, 1987. *See* Pub.L. No. 98–473, §§ 225(a), 235(a)(1), 98 Stat. at 2030–33; *United States v. De Los Rios,* 1992 WL 122772 (S.D.N.Y. 1992).[1]

Thus, even though the ten year special parole term imposed pursuant to Section 841(b)(1)(A) on Count Four shall be set aside, the ten year special parole term imposed

---

1. On October 27, 1986, Congress enacted the 1986 amendment to the Comprehensive Crime Control Act, Pub.L. No. 99–570, 100 Stat. 3207, which "eliminated the 1984 amendment's prospective deletion of all references to "special parole term" and provided instead that the phrase "term of supervised release" be substituted for the phrase "special parole term," effective November 1, 1987." *De Los Rios,* 1992 WL 122772, at *2 n. 2; (citing Pub.L. No. 99–570 § 1004, 100 Stat. at 3207–6).

pursuant to Section 960(b)(1) on Count Three remains in effect.

Accordingly, it is **ORDERED AND ADJUDGED:**

(1) Defendant's Motion to Set Aside Special Parole Term (Doc. No. 348) is **GRANTED IN PART AND DENIED IN PART;**

(2) the portion of the Judgment and Probation/Commitment Order (Doc. No. 249) sentencing Defendant to a ten year special parole term pursuant to 21 U.S.C. § 841(b)(1)(A) on Count Four is **VACATED;**

(3) however, the rest of the Judgment and Probation/Commitment Order (Doc. No. 249) remains unchanged, including the ten year term of special parole imposed pursuant to 21 U.S.C. § 960(b)(1) on Count Three.

**DONE AND ORDERED.**