UNITED STATES of America, Appellee,

v.

Nicholas HINCAPIE, Defendant–Appellant.

No. 1921, Docket 95–2100.

United States Court of Appeals, Second Circuit.

Argued Sept. 15, 1995.

Decided Sept. 28, 1995.

---

**552**

Peter A. Norling, Asst. U.S. Atty., E.D.N.Y. (Zachary W. Carter, U.S. Atty., Samuel W. Buell, Asst. U.S. Atty., E.D.N.Y.), for appellee.

Richard J. Diaz, Miami, FL, for defendant-appellant.

Before: VAN GRAAFEILAND, MESKILL, and CABRANES, Circuit Judges.

PER CURIAM:

Nicholas Hincapie appeals from an order of the United States District Court of the Eastern District of New York (Jack B. Weinstein, *Judge* ) denying his motion for correction of his sentence pursuant to Fed. R.Crim.P. 35(a).

Hincapie pleaded guilty to "knowingly and intentionally possess[ing] with intent to distribute a substantial quantity of cocaine" in violation of 21 U.S.C. § 841(a)(1).[1] The district judge imposed a five-year prison sentence, a ten-year special parole term, and a fifty dollar fine. Hincapie challenges the imposition of the special parole term, arguing that it was unauthorized under the statute applicable at the time of his offense.

■■■ Prior to October 12, 1984, the penalty provisions set forth in 21 U.S.C. § 841(b)(1)(A) required imposition of a special parole term upon a person convicted under 21 U.S.C. § 841(a) of an offense involving a narcotic drug. *See* 21 U.S.C. § 841(b)(1)(A) (1982). With the Comprehensive Crime Control Act of 1984, Congress amended the penalty provisions to provide for longer prison terms and higher fines in cases involving larger quantities of prohibited drugs. *See* 21 U.S.C. § 841(b)(1)(A)–(C) (Supp. II 1984). Under the new provisions, courts were required to impose a special parole term for convictions for possession of less than one kilogram of cocaine, *id.* § 841(b)(1)(B),[2] but could not impose a special parole term for convictions for possession of one or more kilograms of cocaine, *id.* § 841(b)(1)(A) [3]; *see also United States v.*

---

**1.** Section 841(a)(1) provides:

> Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance
> . . . .

21 U.S.C. § 841(a)(1) (1982).

**2.** The new § 841(b)(1)(B) provided:

> (b) [A]ny person who violates subsection (a) of this section shall be sentenced as follows:

. . . .

> [(1)] (B) In the case of a controlled substance in schedule I or II except as provided in subparagraphs (A) and (C),, [sic] such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $125,000, or both. . . . Any sentence imposing a term of imprisonment under this paragraph shall . . . impose a special parole term of at least 3 years in addition to such term of imprisonment. . . .

21 U.S.C. § 841(b)(1)(B) (Supp. II 1984).

**3.** The new § 841(b)(1)(A) provided:

*Giraldo–Avendano,* 910 F.2d 80, 81 (3d Cir. 1990); *United States v. De Los Reyes,* 842 F.2d 755, 757 (5th Cir.1988); *United States v. Santamaria,* 788 F.2d 824, 829 (1st Cir.1986). This scheme applied to all offenses committed between October 12, 1984, and October 27, 1986, when a new version of the penalty provisions took effect. *See De Los Reyes,* 842 F.2d at 757.

 Hincapie argues that his offense, committed on August 12, 1985, involved one kilogram of cocaine, and that he could therefore only be sentenced under § 841(b)(1)(A), which does not provide for a special parole term. The complaint upon which Hincapie's indictment was based indeed states that the cocaine seized upon Hincapie's arrest "weighed approximately one kilogram." Nonetheless, the indictment does not specify the amount of cocaine involved in the offense, and clearly contemplates application of § 841(b)(1)(B), not § 841(b)(1)(A), as a penalty provision. Nor does the transcript of appellant's sentencing hearing reveal any finding on the part of the sentencing judge that Hincapie possessed a kilogram or more of cocaine. Hincapie pleaded guilty and was convicted of possession of an *unspecified* amount of cocaine. We agree with the Eleventh Circuit that in such circumstances, even if more than one kilogram of cocaine is *actually* involved in the offense, § 841(b)(1)(A) does not apply; the defendant must be sentenced under § 841(b)(1)(B). *See United States v. Brantley,* 922 F.2d 741, 742 (11th Cir.1991) (per curiam) (holding that, although government seized three kilograms of cocaine, defendant properly received special parole term under § 841(b)(1)(B) because "defendant plead[ed] guilty to and [was] convicted of possession of an *unspecified* amount of cocaine") (emphasis in original); *see also United States v. Larroque,* 741 F.Supp. 55, 56 (S.D.N.Y.1990) (holding that defendant properly received special parole term under § 841(b)(1)(B), even though offense involved

more than one kilogram of cocaine). Section 841(b)(1)(B) unquestionably permits imposition of a special parole term. 21 U.S.C. § 841(b)(1)(B) (Supp. II 1984).

The judgment of the district court is affirmed.

(b) [A]ny person who violates subsection (a) of this section shall be sentenced as follows:
 (1)(A) In the case of a violation of subsection (a) of this section involving—
 . . . .
 (ii) a kilogram or more of any other controlled substance in schedule I or II which is a narcotic drug; . . .

such person shall be sentenced to a term of imprisonment of not more than 20 years, a fine of not more than $250,000, or both.
21 U.S.C. § 841(b)(1)(A) (Supp. II 1984).